IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOEL RODRIGUEZ and<br>BLANCA PLACANERO,<br><br>        Plaintiffs,<br><br>   v.<br><br>NEW BERN TRANSPORT CORPORATION,<br>PATRICK ROMANCHECK,<br>PEPSI BEVERAGES COMPANY, and<br>PEPSICO, INC.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:18-cv-00021<br><br>Illinois State Court<br>Case No. 2017 L 012069 |

## NOTICE OF REMOVAL

COME NOW Defendants, NEW BERN TRANSPORT CORPORATION and PEPSICO, INC., by and through their attorneys, PATTON & RYAN, LLC, and pursuant to 28 U.S.C. § 1446, hereby petition this Honorable Court for removal based on 28 U.S.C. §§ 1332 and 1441. In support of this Notice of Removal, Defendants respectfully state as follows:

### Introduction

1.    On November 27, 2017, JOEL RODRIGUEZ and BLANCA PLACANERO ("Plaintiffs") filed an action ("Action") in the Circuit Court of Cook County, Illinois against NEW BERN TRANSPORT CORPORATION, PATRICK ROMANCHECK, PEPSI BEVERAGES COMPANY, and PEPSICO, INC. ("Defendants") with the docket number 2017 L 012069. Plaintiffs' Complaint is attached as **Exhibit A**.

2.    Defendant, NEW BERN TRANSPORT CORPORATION, was served on December 4, 2017. The Service of Process Transmittal is attached as **Exhibit B**.

1

3.       Defendant, PEPSICO, INC., was served on November 30, 3017. The Service of Process Transmittal is attached as **Exhibit C**.

4.       Upon information and belief, Defendant, PATRICK ROMANCHECK, has not yet been served.

5.       Defendant, PEPSI BEVERAGES COMPANY, is not a corporate entity and does not have a registered agent in the State of Illinois.

6.       Defendants, NEW BERN TRANSPORT CORPORATION and PEPSICO, INC., file this Notice of Removal within the thirty (30) day time period required by 28 U.S.C § 1446.

## Basis for Removal

7.       Under 28 U.S.C §1332 (c) (1), a corporation is deemed to be a citizen of any state in which it has been incorporated and of the state in which it has its principal place of business.

8.       NEW BERN TRANSPORT CORPORATION is a corporation organized under the laws of the State of Delaware with its principal place of business in the State of New York.

9.       PEPSICO, INC. is a corporation organized under the laws of the State of North Carolina with its principal place of business in the State of New York.

10.      Upon information and belief, Defendant, PATRICK ROMANCHECK, is a resident of the State of Indiana.

11.      PEPSI BEVERAGES COMPANY is not a corporate entity and does not have a registered agent in the State of Illinois. See the Illinois Secretary of State Corporation/LLC Search Results for "Pepsi" dated December 29, 2017 attached as **Exhibit D**.

12.      Upon information and belief, Plaintiffs are citizens of the State of Illinois, domiciled in Cook County, Illinois.

13.     In accordance with the Illinois Code of Civil Procedure, Plaintiffs do not have to specifically quantify the amount of damages they seek in the Action.

14.     Plaintiff, JOEL RODRIGUEZ, alleges injuries of a personal and pecuniary nature. Plaintiff, BLANCA PLACANERO, alleges damages of a personal and pecuniary nature, including loss of consortium and companionship.

15.     Defendants have a good faith belief that the value of the Action exceeds $75,000.00.

16.     This Court has original jurisdiction under 28 U.S.C. §1332 because the matter in controversy in the Action exceeds the sum of $75,000.00 and is between citizens of different States.

17.     This matter is properly removed pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction.

18.     Venue is proper in the Northern District, Eastern Division of this Court under 28 U.S.C. § 1446 as this is the district which encompasses the Circuit Court in which the Action was filed and is pending.

19.     Defendants shall promptly file a copy of this Notice of Removal with the Circuit Court Clerk for the County of Cook, State of Illinois.

THEREFORE, Defendants, NEW BERN TRANSPORT CORPORATION and PEPSICO, INC., respectfully request that this matter be removed from the Circuit Court of Cook County, State of Illinois, to the Eastern Division of the United States District Court in the Northern District of Illinois.

Dated: January 2, 2018

Defendants, NEW BERN TRANSPORT CORPORATION and PEPSICO, INC.,

By:    /s/ Stephen R. Niemeyer

John W. Patton, Jr.
Stephen R. Niemeyer
Kathleen M. Kunkle
PATTON & RYAN LLC
330 N. Wabash, Suite 3800
Chicago, IL 60611
Telephone: (312) 261-5160
Facsimile: (312) 261-5161

ELECTRONICALLY FILED
11/27/2017 3:57 PM
2017-L-012069
CALENDAR: Z
PAGE 1 of 14
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – LAW DIVISION

JOEL RODRIGUEZ and )
BLANCA PLACANERO, )
)
Plaintiffs, )
) No.
v. )
)
)
NEW BERN TRANSPORT CORPORATION, )
PATRICK ROMANCHECK, )
PEPSI BEVERAGES COMPANY, and )
PEPSICO, INC., )
)
Defendants. )

## COMPLAINT

NOW COME the Plaintiffs, Joel Rodriguez and Blanca Placanero, by and through their

attorneys, The Law Offices of McCready, Garcia & Leet, P.C., and in their complaint against the

Defendants, New Bern Transport Corporation, PepsiCo, Inc., Pepsi Beverages Company, and

Patrick Romancheck, state as follows:

### COUNT I: Joel Rodriguez v. Patrick Romancheck

1) On or about November 27, 2017, Plaintiff, Joel Rodriguez ("Plaintiff Rodriguez") was

occupying his vehicle and traveling north on the Dan Ryan Expressway in the City of

Chicago, Illinois.

2) At said time and place, New Bern Transport Corporation, PepsiCo, Inc., Pepsi Beverages

Company, and Patrick Romancheck ("Defendants"), operated, maintained, managed and

controlled a motor vehicle which was proceeding north on the Dan Ryan Expressway behind

Plaintiff Rodriguez's vehicle.

1


DEFENDANT'S
EXHIBIT
A

3) That on November 27, 2015, Defendant Patrick Romancheck was acting as an agent, servant and/or employee of New Bern Transport Corporation, Pepsi Beverages Company, and/or PepsiCo., Inc., and was operating the motor vehicle in the course and scope of his duties as an agent, servant, and/or employee.

4) At said time and place, the motor vehicle, operated, maintained, managed and controlled by Defendants New Bern Transport Corporation, Pepsi Beverages Company and/or PepsiCo, Inc., by and through their agent, Defendant Patrick Romancheck, struck Plaintiff Rodriguez's vehicle.

5) At all times pertinent, Plaintiff Rodriguez was exercising reasonable care for his safety and was free from contributory negligence.

6) At all times pertinent, it was the duty of Defendants, by and through their agent, Patrick Romancheck, failed to operate the motor vehicle with reasonable care for the safety of the Plaintiff Rodriguez and others on the roadway.

7) Defendants, by and through their agent, Defendant, Patrick Romancheck, breached this duty and were negligent in one or more of the following ways:

   a. operated, maintained and controlled said motor vehicle on aforesaid roadway so that the Plaintiff Rodriguez was greatly injured;

   b. failed to keep proper and/or any lookout for other vehicles then and there lawfully proceeding on the aforesaid roadway;

   c. in violation of Illinois Statute 625 ILCS 5/11-601(a), drove said motor vehicle at an excessive rate of speed that was greater than was reasonable, proper and prudent, having regard for other motor vehicles, the condition of the roadway, and the use of the way;

ELECTRONICALLY FILED
11/27/2017 3:57 PM
2017-L-012069
PAGE 2 of 14

2

ELECTRONICALLY FILED
11/27/2017 3:57 PM
2017-L-012069
PAGE 3 of 14

    d.   operated said motor vehicle in a reckless and/or dangerous manner with disregard for the safety of other motorists lawfully present on the aforesaid roadway;

    e.   in violation of Illinois Statute 625 ILCS 5/12-301(a)(5), failed to and/or refused to maintain his motor vehicle brakes in good working order, although he knew or in the exercise of reasonable care and caution should have known that such failure and/or refusal would and could cause injury to the Plaintiff Rodriguez;

    f.   failed to make proper and/or any use of the brakes of said motor vehicle in time to avoid striking the Plaintiff Rodriguez's vehicle, although he knew or in the exercise of reasonable care and caution should have known that striking Plaintiff's vehicle was imminent and had ample time and opportunity to avoid same;

    g.   failed to stop and/or turn the course and/or reduce the speed of said motor vehicle in time to avoid striking the Plaintiff Rodriguez's vehicle, although he knew or in the exercise of reasonable care and caution should have known that striking the Plaintiff Rodriguez's vehicle was imminent and had ample time and opportunity to avoid the same;

    h.   failed to drive at a reasonable distance to vehicles in front of him in violation of 625 ILCS 5/11-710;

    i.   disobeyed lane designation signage in violation of 625 ILCS 5/11-709; and

    j.   was otherwise careless and/or negligent.

8) As a result of the negligence of Defendant Patrick Romancheck, Plaintiff Rodriguez suffered injuries of a personal and pecuniary nature.

    WHEREFORE, Plaintiff Joel Rodriguez, prays for damages from Defendant Patrick Romancheck in an amount greater than $30,000, as he shall prove at trial plus costs and any

other relief the Court deems just or equitable.

## COUNT II: Joel Rodriguez v. New Bern Transport Corporation

9) Plaintiff Rodriguez incorporate by reference all preceding paragraphs as if fully set forth herein.

10) At said time and place, the motor vehicle owned, operated and/or controlled by New Bern Transport Corporation, by and through its agent, Defendant Patrick Romancheck, struck Plaintiff Rodriguez's vehicle.

11) At said time and place, Defendant New Bern Transport Corporation was acting as an agent, servant and/or employee of Pepsi Beverages Group and/or PepsiCo, Inc., and was operating the motor vehicle in the course and scope of its duties as an agent, servant, and/or employee.

12) At all times pertinent, Plaintiff Rodriguez was exercising reasonable care for his safety and was free from contributory negligence.

13) At all times pertinent, it was the duty of Defendant New Bern Transport Corporation by and through its agent, Patrick Romancheck, failed to operate the motor vehicle with reasonable care for the safety of the Plaintiff Rodriguez and others on the roadway.

14) Defendant New Bern Transport Corporation, by and through its agent, Defendant Patrick Romancheck, breached this duty and was negligent in one or more of the following ways:

    a. operated, maintained and controlled said motor vehicle on aforesaid roadway so that the Plaintiff Rodriguez was greatly injured;

    b. failed to keep proper and/or any lookout for other vehicles then and there lawfully proceeding on the aforesaid roadway;

    c. in violation of Illinois Statute 5/11-601(a), drove said motor vehicle at an excessive rate of speed that was greater than was reasonable, proper and prudent,

ELECTRONICALLY FILED
11/27/2017 3:57 PM
2017-L-012069
PAGE 4 of 14

4

having regard for other motor vehicles, the condition of the roadway, and the use of the way;

d.   operated said motor vehicle in a reckless and/or dangerous manner with disregard for the safety of other motorists lawfully present on the aforesaid roadway;

e.   in violation of Illinois Statute 5/12-301(a)(5), failed to and/or refused to maintain its motor vehicle brakes in good working order, although it knew or in the exercise of reasonable care and caution should have known that such failure and/or refusal would and could cause injury to the Plaintiff Rodriguez;

f.   failed to make proper and/or any use of the brakes of said motor vehicle in time to avoid striking the Plaintiff Rodriguez's vehicle, although it knew or in the exercise of reasonable care and caution should have known that striking Plaintiff's vehicle was imminent and had ample time and opportunity to avoid same;

g.   failed to stop and/or turn the course and/or reduce the speed of said motor vehicle in time to avoid striking the Plaintiff Rodriguez's vehicle, although it knew or in the exercise of reasonable care and caution should have known that striking the Plaintiff Rodriguez's vehicle was imminent and had ample time and opportunity to avoid the same;

h.   failed to drive at a reasonable distance to vehicles in front of it in violation of 625 ILCS 5/11-710;

i.   disobeyed lane designation signage in violation of 625 ILCS 5/11-709; and

j.   was otherwise carless and/or negligent.

15) As a result of the negligence of Defendant New Bern Transport Corporation, by and through

ELECTRONICALLY FILED
11/27/2017 3:57 PM
2017-L-012069
PAGE 5 of 14

its agent, Defendant Patrick Romancheck, Plaintiff Rodriguez suffered injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff Joel Rodriguez, prays for damages from Defendant New Bern Transport Corporation in an amount greater than $30,000, as he shall prove at trial plus costs and any other relief the Court deems just or equitable.

## COUNT III: Joel Rodriguez v. Pepsi Beverages Company

16) Plaintiff Rodriguez incorporate by reference all preceding paragraphs as if fully set forth herein.

17) At said time and place, the motor vehicle owned, operated and/or controlled by Defendant Pepsi Beverages Company, by and through its agents, Defendants Patrick Romancheck and New Bern Transport Corporation, struck Plaintiff Rodriguez's vehicle.

18) At said time and place, Defendant Pepsi Beverages Company was acting as an agent, servant and/or employee of PepsiCo, Inc., and was operating the motor vehicle in the course and scope of its duties as an agent, servant, and/or employee.

19) At all times pertinent, Plaintiff Rodriguez was exercising reasonable care for his safety and was free from contributory negligence.

20) At all times pertinent, it was the duty of Defendant Pepsi Beverages Company, by and through its agents, Defendants Patrick Romancheck and New Bern Transport Corporation, failed to operate the motor vehicle with reasonable care for the safety of the Plaintiff Rodriguez and others on the roadway.

21) Defendant Pepsi Beverages Company, by and through its agents, Defendants Patrick Romancheck and New Bern Transport Corporation, breached this duty and was negligent in one or more of the following ways:

ELECTRONICALLY FILED
11/27/2017 3:57 PM
2017-L-012069
PAGE 6 of 14

6

a. operated, maintained and controlled said motor vehicle on aforesaid roadway so that the Plaintiff Rodriguez was greatly injured;

b. failed to keep proper and/or any lookout for other vehicles then and there lawfully proceeding on the aforesaid roadway;

c. in violation of Illinois Statute 5/11-601(a), drove said motor vehicle at an excessive rate of speed that was greater than was reasonable, proper and prudent, having regard for other motor vehicles, the condition of the roadway, and the use of the way;

d. operated said motor vehicle in a reckless and/or dangerous manner with disregard for the safety of other motorists lawfully present on the aforesaid roadway;

e. in violation of Illinois Statute 5/12-301(a)(5), failed to and/or refused to maintain its motor vehicle brakes in good working order, although it knew or in the exercise of reasonable care and caution should have known that such failure and/or refusal would and could cause injury to the Plaintiff Rodriguez;

f. failed to make proper and/or any use of the brakes of said motor vehicle in time to avoid striking the Plaintiff Rodriguez's vehicle, although it knew or in the exercise of reasonable care and caution should have known that striking Plaintiff's vehicle was imminent and had ample time and opportunity to avoid same;

g. failed to stop and/or turn the course and/or reduce the speed of said motor vehicle in time to avoid striking the Plaintiff Rodriguez's vehicle, although it knew or in the exercise of reasonable care and caution should have known that striking the Plaintiff Rodriguez's vehicle was imminent and had ample time and opportunity

ELECTRONICALLY FILED
11/27/2017 3:57 PM
2017-L-012069
PAGE 7 of 14

7

to avoid the same;

    h.   failed to drive at a reasonable distance to vehicles in front of it in violation of 625 ILCS 5/11-710;

    i.   disobeyed lane designation signage in violation of 625 ILCS 5/11-709; and

    j.   was otherwise carless and/or negligent.

22) As a result of the negligence of Defendant Pepsi Beverages Company, by and through its agents, Defendants Patrick Romancheck and New Bern Transport Corporation, Plaintiff Rodriguez suffered injuries of a personal and pecuniary nature.

    WHEREFORE, Plaintiff Joel Rodriguez, prays for damages from Defendant Pepsi Beverages Company in an amount greater than $30,000, as he shall prove at trial plus costs and any other relief the Court deems just or equitable.

## COUNT IV: Joel Rodriguez v. PepsiCo, Inc.

23) Plaintiff Rodriguez incorporate by reference all preceding paragraphs as if fully set forth herein.

24) At said time and place, the motor vehicle owned, operated and/or controlled by Defendant PepsiCo, Inc., by and through its agents, Defendants Patrick Romancheck, New Bern Transport Corporation, and Pepsi Beverages Company, struck Plaintiff Rodriguez's vehicle.

25) At said time and place, Defendant Pepsi Beverages Company was acting as an agent, servant and/or employee of PepsiCo, Inc., and was operating the motor vehicle in the course and scope of its duties as an agent, servant, and/or employee.

26) At all times pertinent, Plaintiff Rodriguez was exercising reasonable care for his safety and was free from contributory negligence.

27) At all times pertinent, it was the duty of Defendant PepsiCo., Inc, by and through its agents,

ELECTRONICALLY FILED
11/27/2017 3:57 PM
2017-L-012069
PAGE 8 of 14

8

Defendants Patrick Romancheck, New Bern Transport Corporation, and Pepsi Beverages Company, failed to operate the motor vehicle with reasonable care for the safety of the Plaintiff Rodriguez and others on the roadway.

28) Defendant PepsiCo, Inc., by and through its agents, Defendants Patrick Romancheck, New Bern Transport Corporation, and Pepsi Beverages Company, breached this duty and was negligent in one or more of the following ways:

a.   operated, maintained and controlled said motor vehicle on aforesaid roadway so that the Plaintiff Rodriguez was greatly injured;

b.   failed to keep proper and/or any lookout for other vehicles then and there lawfully proceeding on the aforesaid roadway;

c.   in violation of Illinois Statute 5/11-601(a), drove said motor vehicle at an excessive rate of speed that was greater than was reasonable, proper and prudent, having regard for other motor vehicles, the condition of the roadway, and the use of the way;

d.   operated said motor vehicle in a reckless and/or dangerous manner with disregard for the safety of other motorists lawfully present on the aforesaid roadway;

e.   in violation of Illinois Statute 5/12-301(a)(5), failed to and/or refused to maintain its motor vehicle brakes in good working order, although it knew or in the exercise of reasonable care and caution should have known that such failure and/or refusal would and could cause injury to the Plaintiff Rodriguez;

f.   failed to make proper and/or any use of the brakes of said motor vehicle in time to avoid striking the Plaintiff Rodriguez's vehicle, although it knew or in the exercise of reasonable care and caution should have known that striking

ELECTRONICALLY FILED
11/27/2017 3:57 PM
2017-L-012069
PAGE 9 of 14

9

Plaintiff's vehicle was imminent and had ample time and opportunity to avoid same;

g. failed to stop and/or turn the course and/or reduce the speed of said motor vehicle in time to avoid striking the Plaintiff Rodriguez's vehicle, although it knew or in the exercise of reasonable care and caution should have known that striking the Plaintiff Rodriguez's vehicle was imminent and had ample time and opportunity to avoid the same;

h. failed to drive at a reasonable distance to vehicles in front of it in violation of 625 ILCS 5/11-710;

i. disobeyed lane designation signage in violation of 625 ILCS 5/11-709; and

j. was otherwise carless and/or negligent.

29) As a result of the negligence of Defendant PepsiCo., Inc., by and through its agents, Defendants Patrick Romancheck, New Bern Transport Corporation, and Pepsi Beverages Company, Plaintiff Rodriguez suffered injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff Joel Rodriguez, prays for damages from Defendant PepsiCo, Inc. in an amount greater than $30,000, as he shall prove at trial plus costs and any other relief the Court deems just or equitable.

## COUNT V: Blanca Placanero v. Patrick Romancheck

30) Plaintiff Placanero incorporate by reference all preceding paragraphs as if fully set forth herein.

31) That Plaintiff Blanca Placanero is the wife of Plaintiff Joel Rodriguez.

32) On or about November 27, 2017, Plaintiff, Joel Rodriguez ("Plaintiff Rodriguez") was occupying his vehicle and traveling north on the Dan Ryan Expressway in the City of

ELECTRONICALLY FILED
11/27/2017 3:57 PM
2017-L-012069
PAGE 10 of 14

Chicago, Illinois and was struck by a vehicle operated, maintained, managed and controlled by New Bern Transport Corporation, PepsiCo, Inc., Pepsi Beverages Company, and Patrick Romancheck ("Defendants").

33) That Plaintiff Blanca Placanero had to take leave from work and provided nursing and other care, and replacement services, on behalf of Plaintiff Joel Rodriguez, and suffered and will continue to suffer a loss of consortium and companionship as a result of Defendant Patrick Romancheck's aforesaid negligent acts and/or omissions.

34) That as a result and direct proximate result of one or more of Defendant Patrick Romancheck's aforesaid negligent acts and/or omissions, Plaintiff Blanca Placanero suffered and will continue to suffer damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff Blanca Placanero, prays for damages from Defendant Patrick Romancheck in an amount greater than $30,000, as she shall prove at trial plus costs and any other relief the Court deems just or equitable.

### Count VI: Blanca Placanero v. New Bern Transportation Corporation

35) Plaintiff Placanero incorporate by reference all preceding paragraphs as if fully set forth herein.

36) That Plaintiff Blanca Placanero had to take leave from work and provided nursing and other care, and replacement services, on behalf of Plaintiff Joel Rodriguez, and suffered and will continue to suffer a loss of consortium and companionship as a result of Defendant New Bern Transportation Corporation's aforesaid negligent acts and/or omissions.

37) That as a result and direct proximate result of one or more of Defendant New Bern Transportation's aforesaid negligent acts and/or omissions, Plaintiff Blanca Placanero suffered and will continue to suffer damages of a personal and pecuniary nature.

ELECTRONICALLY FILED
11/27/2017 3:57 PM
2017-L-012069
PAGE 11 of 14

11

WHEREFORE, Plaintiff Blanca Placanero, prays for damages from Defendant New Bern Transportation Corporation in an amount greater than $30,000, as she shall prove at trial plus costs and any other relief the Court deems just or equitable.

### COUNT VII: Blanca Placanero v. Pepsi Beverages Company

38) Plaintiff Placanero incorporate by reference all preceding paragraphs as if fully set forth herein.

39) That Plaintiff Blanca Placanero had to take leave from work and provided nursing and other care, and replacement services, on behalf of Plaintiff Joel Rodriguez, and suffered and will continue to suffer a loss of consortium and companionship as a result of Defendant Pepsi Beverage Company's aforesaid negligent acts and/or omissions.

40) That as a result and direct proximate result of one or more of Defendant Pepsi Beverage Company's aforesaid negligent acts and/or omissions, Plaintiff Blanca Placanero suffered and will continue to suffer damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff Blanca Placanero, prays for damages from Defendant Pepsi Beverages Company in an amount greater than $30,000, as she shall prove at trial plus costs and any other relief the Court deems just or equitable.

### COUNT VIII: Blanca Placanero v. PepsiCo., Inc.

41) Plaintiff Placanero incorporate by reference all preceding paragraphs as if fully set forth herein.

42) That Plaintiff Blanca Placanero had to take leave from work and provided nursing and other care, and replacement services, on behalf of Plaintiff Joel Rodriguez, and suffered and will continue to suffer a loss of consortium and companionship as a result of Defendant PepsiCo., Inc.'s aforesaid negligent acts and/or omissions.

43) That as a result and direct proximate result of one or more of Defendant PepsiCo, Inc.'s aforesaid negligent acts and/or omissions, Plaintiff Blanca Placanero suffered and will

ELECTRONICALLY FILED
11/27/2017 3:57 PM
2017-L-012069
PAGE 12 of 14

12

continue to suffer damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff Blanca Placanero, prays for damages from Defendant PepsiCo, Inc. in an amount greater than $30,000, as she shall prove at trial plus costs and any other relief the Court deems just or equitable.

Joel Rodriguez and Blanca Placanero

*Michael P. McCready*

_____

Michael P. McCready
Law Offices of McCready, Garcia & Leet, P.C.
10008 S. Western Ave.
Chicago, IL 60643
(773) 779-9885
fax (773) 779-9190
info@McCreadyLaw.com

ELECTRONICALLY FILED
11/27/2017 3:57 PM
2017-L-012069
PAGE 13 of 14

13

## RULE 222(B) AFFIDAVIT

Michael McCready, having been first duly sworn and upon oath states as follows:

1.    I would be competent to testify concerning the matters contained in this affidavit.

2.    As attorney for Joel Rodriguez and Blanca Placanero, I have reviewed the facts of this case and have determined that the total amount of money damages sought is greater than $50,000

Further affiant sayeth naught.

*Michael P. McCready*

_____

Michael P. McCready

ELECTRONICALLY FILED
11/27/2017 3:57 PM
2017-L-012069
PAGE 14 of 14

[x]  Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*Michael P. McCready*

_____

Michael P. McCready

14

 CT Corporation

**Service of Process Transmittal**
12/04/2017
CT Log Number 532409027

TO: Pepsop Intakeparalegal
PepsiCo, Inc.
700 Anderson Hill Rd
Purchase, NY 10577-1444

RE: **Process Served in Illinois**

FOR: New Bern Transport Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOEL RODRIGUEZ AND BLANCA PLACANERO, PLTFS. vs. NEW BERN TRANSPORT CORPORATION, DFTS. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Affidavit, Attachments |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Law Division, IL Case # 2017L012069 |
| **NATURE OF ACTION:** | Personal Injury - Vehicle Collision - 11/27/2015 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/04/2017 at 09:30 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this Summons, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Michael P. McCready Law Offices of McCready, Garcia & Leet, P.C. 10008 S. Western Ave. Chicago, IL 60643 773-779-9885 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/05/2017, Expected Purge Date: 12/10/2017 |
| | Image SOP |
| | Email Notification, Pepsop Intakeparalegal PEPSOPintakeparalegal@pepsico.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



DEFENDANT'S EXHIBIT B

 CT Corporation

**Service of Process Transmittal**
11/30/2017
CT Log Number 532388740

**TO:** Pepsop Intakeparalegal
PepsiCo, Inc.
700 Anderson Hill Rd
Purchase, NY 10577-1444

**RE:** **Process Served in Illinois**

**FOR:** Pepsico, Inc. (Domestic State: NC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOEL RODRIGUEZ and BLANCA PLACANERO, Pltfs. vs. NEW BERN TRANSPORT CORPORATION, et al., Dfts. // To: Pepsico, Inc. |
| **DOCUMENT(S) SERVED:** | Summonses, Attachment(s), Affidavit(s) |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Law Division, IL Case # 2017L012069 |
| **NATURE OF ACTION:** | Personal Injury - 11/27/2017 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/30/2017 at 11:00 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this Summons, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | MCCREADY MICHAEL PATRICK 10008 S WESTERN AVE CHICAGO, IL 60643 (773) 779-9885 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/01/2017, Expected Purge Date: 12/06/2017 |
| | Image SOP |
| | Email Notification, Pepsop Intakeparalegal  PEPSOPintakeparalegal@pepsico.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of 1 / DB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


DEFENDANT'S EXHIBIT C



# OFFICE OF THE ILLINOIS SECRETARY OF STATE

## JESSE WHITE
### SECRETARY OF STATE

## CORPORATION/LLC SEARCH RESULTS

Search Criteria: **PEPSI**

| Entity Type | | File Number | Corporation/LLC Name |
|---|---|---|---|
| CORP MST | | 20648635 | CLAIRMON PEPSI-COLA DISTRIBUTING CO. |
| CORP MST | | 52076943 | GUSHLEFF-PEPSI COLA DISTRIBUTING, INC. |
| CORP MST | | 40815198 | ILLINOIS PEPSI COLA BOTTLERS' ASSOCIATION, INC. |
| LLC | MST | 03214656 | PEPSI BROOKMAN FARM HOLDINGS LLC |
| CORP MST | | 33260253 | PEPSI COLA ALTON BOTTLING INC. |
| CORP MST | | 31137357 | PEPSI-COLA BOTTLERS' ASSOCIATION |
| CORP MST | | 54857616 | PEPSI-COLA BOTTLING COMPANY OF BLOOMINGTON, INC. |
| CORP MST | | 53723659 | PEPSI-COLA BOTTLING COMPANY OF NEW HAVEN |
| CORP MST | | 50817253 | PEPSI-COLA BOTTLING COMPANY OF ST. LOUIS, INC. |
| CORP MST | | 56611215 | PEPSI-COLA CHAMPAIGN-URBANA BOTTLING CO. |
| LLC | MST | 01353497 | PEPSI-COLA GENERAL BOTTLERS IL, LLC |
| CORP MST | | 49618859 | PEPSI-COLA GENERAL BOTTLERS, INC. |
| CORP MST | | 61424148 | PEPSI-COLA GENERAL BOTTLERS OF INDIANA, INC. |
| LLC | MST | 01056557 | PEPSI-COLA GENERAL BOTTLERS KY, LLC |
| CORP MST | | 55967253 | PEPSI-COLA MEMPHIS BOTTLING CO. |
| LLC | MST | 03355985 | PEPSI-COLA NATIONAL MARKETING, LLC |
| CORP MST | | 57895101 | PEPSI-COLA OPERATING COMPANY OF CHESAPEAKE AND INDIANAPOLIS |
| CORP MST | | 55839506 | PEPSI-COLA PERSONNEL, INC. |
| CORP MST | | 50967727 | PEPSI-COLA QUINCY BOTTLING CO. |
| LLC | ASE | 01186949 | PEPSI-COLA OF ROCKFORD |
| LLC | MST | 03179737 | PEPSI CUNNINGHAM FARM HOLDINGS LLC |
| LLC | MST | 05549426 | PEPSI HUBER FARM HOLDINGS LLC |
| CORP MST | | 13489246 | PEPSI MIDAMERICA CO. |
| LLC | MST | 03300013 | PEPSI MIROMAR HOLDINGS LLC |
| LLC | MST | 03582221 | PEPSI WINDWOOD HOLDINGS LLC |
| CORP ASE | | 51328345 | REFRESHMENT SERVICES PEPSI |
| CORP MST | | 08659842 | SPRINGFIELD PEPSI-COLA BOTTLING CO. |
| CORP MST | | 62708824 | SPRINGFIELD PEPSI-COLA BOTTLING CO. |
| CORP MST | | 56235523 | TERRE HAUTE PEPSI-COLA BOTTLING CO. |

Return to the Search Screen

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



DEFENDANT'S
EXHIBIT
D

12/29/2017